TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for defendant
Portfolio Recovery Associates

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL LANE CULLITON,<br><br>          Plaintiffs,<br><br>vs.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>          Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Portfolio Recovery Associates, LLC ("Defendant"), a Delaware limited liability company, hereby removes to this Court the state court action described below.

1. On May 15, 2012, a complaint was filed against Defendant by plaintiff Mitchell Lane Culliton ("Plaintiff"), in an action pending in the Superior Court of the State of California in and for the County of Sacramento, entitled *Mitchell Lane Culliton v. Portfolio Recovery Associates, LLC,* Case No. 34-2012-00117576. A copy of the state- court complaint ("Complaint") is attached hereto as **Exhibit A**.

2. This removal petition is timely under 28 U.S.C. § 1446(b) because Defendant was first served with a copy of the Complaint on April 30, 2012.

## JURISDICTION

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that the Complaint asserts federal claims against Defendant allegedly arising under, *inter alia*, the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq. See* Exhibit A, at ¶¶ 1-3, 12-13, 15, 18.

4. The Complaint was filed in the Superior Court of the State of California, County of Sacramento. Venue in this District Court is proper. *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(b) (The Eastern District comprises the counties of, inter alia, Sacramento).

5. Defendant is represented by the undersigned.

//

| | | |
|---|---|---|
| 1 | DATED: May 29, 2012 | SIMMONDS & NARITA LLP |
| 2 | | TOMIO B. NARITA |
| | | LINDSEY A. MORGAN |

By:   s/Tomio B. Narita
      Tomio B. Narita
      Attorneys for defendant
      Portfolio Recovery Associates, LLC

Exhibit A

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

FILED/ENDORSED
MAY 15 2012
By: S. MEDINA

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SACRAMENTO
LIMITED JURISDICTION

Case No. 34-2012-00117576

MITCHELL LANE CULLITON,

Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC

Defendant.

FIRST AMENDED COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act
3. Violation of California Business & Professions Code
4. Invasion of Privacy

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges claims for Defendant's violations of the

First Amended Complaint - 1

RECEIVED
APR 3 0 2012
By General Counsel

California Business and Professions Code §17200 (hereinafter "CBPC") and Invasion of Privacy.

## II. PARTIES

2. Plaintiff, Mitchell Lane Culliton ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "person" as defined by Cal Civ Code §1788.2(g).

3. At all relevant times herein, Defendant, Portfolio Recovery Associates, LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5. In September 2011, Defendant initially contacted Plaintiff in connection with an attempt to collect an alleged debt from Plaintiff that does not belong to Plaintiff.

6. Defendant is attempting to collect an alleged debt from a "Michelle Lane", an unknown person to Plaintiff.

7. Defendant contacted Plaintiff at times and places that were known to be inconvenient, including but not limited to, calls made to Plaintiff's phone number (916) 457-8659, for a debtor that is not Plaintiff.

8. Defendant knew or should have known that Plaintiff's phone number (916) 457-8659, was not the correct number for debtor, "Michelle Lane." Plaintiff's outgoing voicemail clearly identifies Plaintiff by name and states not to leave a voicemail for parties other than Plaintiff.

9. Despite Plaintiff's outgoing message identifying him by name, Defendant continued to call and harass Plaintiff with collection calls for a "Michelle Lane".

10. Defendant is aware that the debt does not belong to Plaintiff, however Defendant is attempting to collect said debt from Plaintiff regardless, by continuing to call Plaintiff's telephone. Consequently, Plaintiff has standing to bring this action under RFDCPA, Cal Civ Code §1788.2(c). *See, e.g., Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir.2003) (Section 1692d and 1692e are not limited to "consumers"; son of debtor could bring claim for damages from repossession of debtor's car); *Wright v. Finance Serv. of Norwalk, Inc.*, 22 F.3d 647, 649-50 (6th Cir.1994) ("absent a limitation in the substantive provisions, the ordinary and common understanding of § 1692k is that any aggrieved party may bring an action under §1692e;" claim was not limited only to the addressee of the offending letters). Courts have also reached this conclusion, based on the language of the statute, in cases like the one at bar, involving telephone calls to the wrong person. *See Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1123 (D.Nev.2008) (permitting claim under Section 1692d of the FDCPA based on telephone calls to the wrong number); *Bank v. Pentagroup Fin., LLC*, 2009 WL 1606420, at * 5 (E.D.N.Y. June 9, 2009).

11. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the

United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5)*. Plaintiff has standing under the RFDCPA due to the incorporated provision of the RFDCPA and the legislative history of the FDCPA. *See, e.g., Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir.2003) (Section 1692d and 1692e are not limited to "consumers"; son of debtor could bring claim for damages from repossession of debtor's car).

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

    b. Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

    c. Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

    d. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

    e. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

    f. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

    g. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d)); and

    h. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)).

13. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

14. Ancillary to Defendant's violations of the RFDCPA, Defendant's actions constitute unfair business practices under CBPC §17200. Defendant unfairly placed repeated calls to Plaintiff for a third party who was not available at Plaintiff's phone number.

15. Further, Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
    B. Actual damages;
    C. Statutory damages for willful and negligent violations;
    D. Costs and reasonable attorney's fees; and
    E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the FDCPA;
- B. Actual damages;
- C. Statutory damages;
- D. Costs and reasonable attorney's fees; and,
- E. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the CBPC, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the CBPC;
- B. Actual damages;
- C. Statutory damages for willful and negligent violations;
- D. Civil penalties;
- E. Costs and reasonable attorney's fees; and,
- F. For such other and further relief as may be just and proper.

## COUNT IV: COMMON LAW INVASION OF PRIVACY BY INTRUSION

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages

B. Punitive Damages; and,
C. For such other and further relief as may be just and proper

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 13th day of March, 2012.

    By: _____
      Todd M. Friedman, Esq.
      Law Offices of Todd M. Friedman, P.C.
      Attorney for Plaintiff